STATE, *ex rel.* CHARLES HENDRICKS, J. H. HILL, *et al.,* v. ANDREW THOMPSON, Chairman, RAYMOND D. KEITH, *et al.,* as and constituting the County Board of Public Instruction in and for Volusia County, and GEORGE W. MARKS, County Superintendent of Public Instruction in said County.

164 So. 364.

Opinion Filed November 26, 1935.

*M. G. Rowe,* for Relators;

*Thomas N. Tappy* and *Harry A. Horn,* for Respondents.

BUFORD, J.—This case is before us on motion to quash alternative writ of mandamus.

It is alleged that the respondents, except George W. Marks, constitute the County Board of Public Instruction of Volusia County and that George W. Marks is Superintendent of Public Instruction of said County; that one Roger West, as Chairman, and W. L. Courson and J. A. Jones as members, constitute the Board of Trustees of Special Tax School District No. 6 in Volusia County, Florida, and, as such, have control and management of the public schools in that school district. That the Trustees, in the

performance of their duties as such, employed the relators as janitors for the various schools in said district; that relators were employed by the Trustees and recommended to the County Board of Public Instruction for appointment as such, but that the County Board of Public Instruction failed to ratify the employment by the Trustees, but that the Trustees employed and directed the relators each as a janitor to go to work on the 1st day of September, 1935, for the purpose of getting the school premises in readiness for the opening of school on the 16th day of September, 1935, and that the relators each began work on the 1st day of September, as directed, and have continued to perform the duties as janitors in and about the school buildings of said district since that time.

The petition alleged that there are sufficient moneys on hand to pay the janitors.

We have not attempted to set out in detail the allegations of the writ, but simply to outline the salient facts alleged. The command of the writ is:

"Now, therefore, we being willing that full and speedy justice should be done in the premises, do command you, Andrew Thompson, Raymond D. Keith and Harry A. Horn, members of the Board of Public Instruction, for Volusia County, Florida, to promptly meet and approve the list of janitors composed of the RELATORS herein, as recommended by the Trustees of Special Tax School District Number Six, of Volusia County, Florida, and appoint said RELATORS, Charles Hendricks, J. H. Hill, J. H. Gray, David Bennett, A. T. Hartsell, J. A. Wrenn, G. G. Everett, as janitors for the white schools, and Rufus Swinton, head janitor, and Will Cummings, Sims Butler as janitors for the colored schools of said Special School District Number Six for the school year 1935-36; and that you, Andrew

Thompson, chairman of said County Board of Public Instruction, and George W. Marks, as County Superintendent of Public Instruction, forthwith draw and sign warrants for the respective salaries of the said RELATORS as shown by requisition of the Trustees of the said Special Tax School District therefor and promptly deliver same to them, as follows: viz.: Charles Hendricks, for thirty-five ($35.00) dollars; J. H. Hill, for thirty-five ($35.00) dollars; J. H. Gray, for thirty-five ($35.00) dollars; David Bennett, for thirty-five ($35.00) dollars; A. T. Hartzell, for thirty-five ($35.00) dollars; J. A. Wrenn, for thirty-five ($35.00) dollars; G. G. Everett, for thirty-five ($35.00) dollars; Rufus Swinton, for thirty-two dollars fifty cents ($32.50); Will Cummings, for thirty ($30.00) dollars; Sims Butler, for thirty ($30.00) dollars; or show cause why you have not done so before the Supreme Court of the State of Florida in Tallahassee, Florida, at 10 A. M. on the tenth day of October, A. D. 1935."

The motion to quash of course, admits all facts well pleaded but challenges the sufficiency of the allegations to warrant the relief prayed.

Section 576 R. G. S., 717 C. G. L., provides as follows:

"The trustees of any school district shall be a corporation and may hold property, sue and be sued, and perform other corporate functions, and perform the usual duties necessary to provide buildings, repair the same, and to purchase libraries and other school appliances, provided, that no debt shall be created without the approval of the county board of public instruction."

The alternative writ fails to allege that the debt alleged to be due to the relators was created with the approval of the County Board of Public Instruction.

Paragraph 5 of Section 454 R. G. S., 561 C. G. L., provides as follows:

"To do whatever is necessary with regard to purchasing or renting school sites and premises, constructing, repairing, furnishing, warming, ventilating, keeping in order or improving the school houses, out buildings, fences, land and movable property, procuring proper apparatus for the schools, grading and classifying the pupils, and providing separate schools for the different classes in such a manner as will secure the largest attendance of pupils, promote the harmony and advancement of the school, and establishing, when required by the patrons, schools of higher grades of instruction where the advancement and number of the pupils require them."

While Section 569 R. G. S., 710 C. G. L., provides in part as follows:

"All public schools conducted within a special tax school district shall be under the direction and control of the county board of public instruction and county superintendent as in other districts, and subject to the same laws, rules and regulations prescribed for the conduct of other schools, except that the trustees shall have the power to nominate to the county board of public instruction teachers for all schools within such special district."

Then follows a proviso which is not material here.

So it appears that under the statutes, antiquated though they may be, the duty rests upon the County Board of Public Instruction to do whatever is necessary in regard to purchasing or renting of school sites and premises, constructing, repairing, furnishing, *warming, ventilating, keeping in order,* or *improving the school houses,* out buildings, fences, land and movable property, etc.   (Emphasis supplied.)

It further appears that the County Board of Public In-

struction is not required to pay out any of the school fund on any contract not approved by the County Board of Public Instruction.

Therefore, it follows that the relators do not show a clear right to the enforcement of the rights alleged by the allegations of the alternative writ of mandamus. We do not mean to hold that the relators, if they have rendered services in performing the duties of janitors of the several school houses referred to in the alternative writ, and those services have been accepted by the school authorities, whether the Trustees of the District or the County Board of Public Instruction, or both, may not recover from the Board of Public Instruction the *quantum meruit* for the values of the services so rendered and accepted. See State, *ex rel.* Nuveen, v. Greer, 88 Fla. 249, 102 Sou. Rep. 739.

The motion to quash alternative writ is granted and the cause dismissed.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.